**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4493**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WAYNE ALLEN FLETCHER,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-1331)

Submitted: August 29, 2005      Decided: September 28, 2005

Before WILLIAMS and SHEDD, Circuit Judges, and Henry E. HUDSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Keith Alan Williams, KEITH A. WILLIAMS, P.A., Greenville, North Carolina, Richard William Westling, New Orleans, Louisiana, for Appellant. Christine Witcover Dean, Anne Margaret Hayes, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On November 18, 2004, this court affirmed Wayne Allen Fletcher's convictions and sentence. See United States v. Fletcher, No. 03-4493, 2004 WL 2617726 (4th Cir. Nov. 18, 2004) (unpublished). On May 16, 2005, the Supreme Court of the United States granted Fletcher's petition for writ of certiorari, vacated our judgment and remanded the case to this court for further consideration in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). We vacate the sentence and remand for resentencing.

In Booker, the Supreme Court held Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756.

In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we held that a sentence imposed under the pre-Booker mandatory

- 2 -

sentencing scheme that was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under <u>Booker</u> when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. <u>Hughes</u>, 401 F.3d at 546-56.

Because the district court engaged in judicial fact-finding to determine Fletcher's offense level and the resulting guideline range was imposed in a mandatory manner, there was a Sixth Amendment violation under <u>Booker</u>.[1] On remand, the court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. <u>Hughes</u>, 401 F.3d at 546.

---

[1]We take no position with respect to the Government's argument that some of the enhancements were based upon admitted conduct because Fletcher did not object at sentencing to those enhancements.

Accordingly, we vacate the sentence and remand for further consideration in light of <u>Booker</u> and <u>Hughes</u>.[2][3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[2]The convictions were affirmed in our prior opinion and are not before us now.

[3]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Fletcher's sentencing.